UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHRISTOPHER LEEPER,<br>Plaintiff,<br>v.<br>COUNTY OF SHASTA, et al.,<br>Defendants. | No. 2:25-cv-3581 WBS DMC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

----oo0oo----

Defendant California Forensic Medical Group, Inc. ("CFMG") moves to dismiss plaintiff's sole claim against it for municipal liability under 42 U.S.C. § 1983 (the "Monell claim"). (Mot. (Docket No. 39).) See Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658, 691 (1978). For the following reasons, CFMG's motion for failure to state a claim will be granted with leave to amend.

To avoid dismissal, a complaint must state a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court must accept well-pleaded factual allegations as

true and construe them in the nonmovant's favor, but need not accept legal conclusions or unwarranted inferences. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To state a Monell claim against a private health care provider acting under color of state law, a plaintiff must allege a constitutional violation attributable to one of four sources:

(1) An official municipal policy;

(2) "[A] widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law";

(3) "[A] decision made or ratified by a person with "final policymaking authority"; or

(4) "Inadequate training or supervision that is deliberately indifferent to an individual's constitutional rights."

Alejandre v. Cnty. of San Joaquin, No. 2:19-cv-233 WBS KJN, 2019 WL 4077531, at *1 (E.D. Cal. Aug. 29, 2019) (first quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988); then quoting id. at 123, 127; and then citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

Plaintiff alleges that CFMG caused his injuries at Shasta County Jail, where CFMG provides health care, by (I) engaging in certain customs or practices, as well as failing to adopt certain policies (i.e., policies of "inaction or omission"), and by (II) the ratification of certain decisions by

CFMG personnel. (Third Am. Compl. ("TAC") ¶ 81 (Docket No. 37).) The court will address each in turn.

I. Plaintiff's Custom-or-Practice Claim

Even where the complaint adequately specifies a custom or practice, a plaintiff "must ordinarily point to a pattern of prior, similar violations of federally protected rights, of which the relevant policymakers had actual or constructive notice." Lesher v. City of Anderson, No. 2:21-cv-00386 WBS DMC, 2021 WL 5744691, at *3 (E.D. Cal. Dec. 2, 2021) (citing Park v. City & Cnty. of Honolulu, 952 F.3d 1136, 1142 (9th Cir. 2020)). The claim "must be founded upon practices of sufficient duration, frequency and consistency [such] that the conduct has become a traditional method of carrying out policy," rather than "isolated or sporadic incidents." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

Here, plaintiff alleges in the TAC that 19 CFMG customs and practices caused his injuries. (TAC ¶ 74(a)-(s).) For example, he alleges that CFMG "select[s], retain[s] and assign[s] medical staff persons who exhibit and/or have a history of deliberate indifference" and encourages staff to believe "that they can violate the rights of inmates." (Id. ¶ 74(n), (r).) Without facts supporting the existence of the alleged customs or practices, plaintiff fails to state a Monell claim on this theory.

Plaintiff attempts to cure this defect in his opposition brief by citing four other incidents at Shasta County Jail as evidence of a pattern. (Opp. at 6-7 (Docket No. 43).) He also asserts that there are "ample other incidents of

constitutional violations arising from, CFMG's unconstitutional customs and practices" that "could be properly [pleaded]." (Id. at 7.) However, the court cannot consider these allegations because they are absent from the complaint. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018).

Accordingly, plaintiff will be given leave to amend his TAC to demonstrate that CFMG engaged in such prior, similar violations sufficient to constitute a custom or practice, if he can do so. However, plaintiff is advised that prior violations invoked must be connected to the specific customs and practices plaintiff alleges, and it must appear that such "prior indicators" are sufficiently "similar" to the instant case. Est. of Luna v. Orange Cnty. Sheriff's Dep't, No. 8:23-CV-02180-DOC-KESX, 2024 WL 3218649, at *2 (C.D. Cal. June 20, 2024).

II. Plaintiff's Monell Ratification Theory

A Monell ratification theory requires "a plaintiff [to] show that the 'authorized policymakers approve a subordinate's decision and the basis for it." Lytle v. Carl, 382 F.3d 978, 987 (9th Cir. 2004) (quoting Christie v. Iopa, 176 F.3d 1231, 1239 (9th Cir.1999). "The policymaker must have knowledge of the constitutional violation and actually approve of it." Id. at 987. Here, plaintiff alleges no facts showing that an authorized policymaker knew of and approved the violation. (TAC ¶ 73.) The complaint merely states that CFMG generally "condoned, tolerated, and through actions and inactions thereby ratified such customs and practices" without identifying a single policymaker or ratifying action. (Id.) This is not sufficient. Plaintiff's ratification theory, as pleaded therefore fails.

III. CFMG's Policies of Inaction or Omission

A Monell claim may allege a "policy of inaction or omission" arising from a "failure to implement procedural safeguards to prevent constitutional violations." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)). A plaintiff "must show, in addition to a constitutional violation," that the challenged policy of inaction or omission both caused the violation and "amount[ed] to deliberate indifference." Id. at 1143 (quoting Oviatt, 954 F.2d at 1474).

"To show deliberate indifference, [a plaintiff] must demonstrate that [the defendant] was on actual or constructive notice that its omission would likely result in a constitutional violation." Id. at 1145 (quoting Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1186 (9th Cir. 2002). Such notice occurs "only if the omission 'reflects a deliberate or conscious choice' to countenance the possibility of a constitutional violation." Nguyen v. City of San Jose, No. 5:21-cv-00092-EJD, 2022 WL 912891, at *10 (N.D. Cal. Mar. 29, 2022) (quoting id.). "Without notice of similar past instances, county 'decisionmakers can hardly be said to have deliberately chosen' to implement the policy that causes violations of constitutional rights." Est. of Luna, 2024 WL 3218649, at *2 (quoting Connick v. Thompson, 563 U.S. 51, 62 (2011)).

Plaintiff alleges in conclusory terms that CFMG had notice of its policies of inaction and that those polices amounted to deliberate indifference. He alleges no facts, however, showing that prior incidents or other concrete indicia

alerted CFMG that its omissions would likely cause constitutional violations, or that those omissions were deliberate. Nguyen, 2022 WL 912891, at *10. As discussed above, moreover, the additional incidents cited in his opposition are outside the pleadings. See Khoja, 899 F.3d at 998. Accordingly, this claim also fails.[1]

IT IS THEREFORE ORDERED that CFMG's motion to dismiss (Docket No. 39) plaintiff's Monell claim, be, and the same hereby is, GRANTED.

Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint if he can do so consistent with this Order.

Dated: October 27, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

[1] Only once a plaintiff making a Monell claim has first established the circumstance giving rise to a violation (e.g., a policy, practice, custom, or ratified decision) can such plaintiff then show that the circumstance was the "moving force" behind the violation such that it was both the proximate cause and cause in fact. Trevino, 99 F.3d at 918; see Monell, 436 U.S. at 694. Here, plaintiff has failed to plausibly allege a policy, practice, or custom.